# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 17-1974V
### (not to be published)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| JEANA MILTON, | \* | Filed: March 11, 2019 |
| *Personal Representative of the Estate of* | \* | |
| *Thirza Arlene Bagley, Deceased*, | \* | |
| | \* | |
| Petitioner, | \* | Dismissal; Lack of Expert. |
| | \* | |
| v. | \* | |
| | \* | |
| SECRETARY OF HEALTH AND | \* | |
| HUMAN SERVICES, | \* | |
| | \* | |
| Respondent. | \* | |
| | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Scott W. Rooney*, Nemes, Rooney P.C., Farmington Hills, MI for Petitioner.

*Robert P. Coleman, III*, U.S. Dep't of Justice, Washington, D.C. for Respondent.

## DECISION DISMISSING CASE[1]

On December 19, 2017, Jeana Milton filed a petition in the National Vaccine Injury Compensation Program[2] on behalf of the estate of Thirza Arlene Bagley. ECF No. 1. Petitioner alleged that the influenza and zoster-shingles vaccines Ms. Bagley received on March 8, 2015, caused her to develop herpes simplex virus encephalitis, which in turn caused cardiorespiratory arrest, leading to Ms. Bagley's death on December 20, 2015. *Id.* at 3.

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims's website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012)). **This means that the Decision will be available to anyone with access to the internet.** As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its current form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

On September 14, 2018, Respondent filed his Rule 4(c) Report, in which he expressed his view that compensation is not appropriate in this case. ECF No. 21 at 2. In response, Petitioner initially sought an expert opinion to substantiate her claim, but on January 9, 2019, she filed a status report indicating that she had been unable to find such expert support. ECF No. 24. Acknowledging that she would be unable to demonstrate entitlement to compensation, Petitioner thereafter filed a Motion requesting dismissal of her case on March 6, 2019.

After reviewing the records filed in this case, as well as Petitioner's own statement that she is unable to obtain expert support for her claim, I find that the requested dismissal is appropriate.[3] Under the Vaccine Act, a petitioner may not be given a Vaccine Program award based solely on her claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. Section 13(a)(1). In this case, there is insufficient evidence in the record for Petitioner to meet her burden of proof. Petitioner's claim therefore cannot succeed and must be dismissed. Section 11(c)(1)(A).

**Thus, this case is dismissed for insufficient proof. The Clerk shall enter judgment accordingly.[4]**

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[3] Petitioner's Motion to Dismiss is docketed as Motion for Voluntary Dismissal Pursuant to Rule 21(a). However, Vaccine Rule 21(a) only permits voluntary dismissal of claims *before* service of Respondent's Rule 4(c) Report (Rule 21(a)(1)(A)) or by stipulation of dismissal signed by all parties (Rule 21(a)(1)(B)). Petitioner's Motion was filed several months after the filing of Respondent's Rule 4(c) Report, and the parties did not stipulate to the dismissal of this matter. I am therefore dismissing this case in a manner consistent with Rule 21(b). Judgment shall be entered accordingly.

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite judgment by filing a joint notice renouncing their right to seek review.